NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0092n.06

No. 14-3031

UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jan 30, 2015*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| **TIMOTHY H. COOPER,** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | |
| | ) | |
| **v.** | ) | **ON APPEAL FROM THE** |
| | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE** |
| **THE COMMERCIAL SAVINGS BANK, et al.,** | ) | **SOUTHERN DISTRICT OF** |
| | ) | **OHIO** |
| **Defendants-Appellees.** | ) | |
| | ) | |
| | ) | |

BEFORE:    COLE, Chief Judge; KEITH and BATCHELDER, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge.   Plaintiff Timothy Cooper challenged the constitutional validity of a cognovit note that he signed, arguing in a lawsuit brought under 42 U.S.C. § 1983 that such a debt instrument violates the Fourteenth Amendment's Due Process Clause.   The district court dismissed the suit, holding that the defendants were not state actors and therefore not liable under § 1983.   Cooper appealed.   However, his brief on appeal is completely devoid of any legal argument.   Therefore we hold that he has waived any arguments he might have offered and forfeited his appeal, and accordingly AFFIRM the district court.

A cognovit note is a debt instrument recognized by Ohio law, whereby the debtor agrees to allow the creditor to obtain judgment without notice or a hearing in the event of nonpayment. Cooper signed a cognovit note in the amount of $334,175, evidencing his indebtedness to Defendant The Commercial Savings Bank.   Cooper became delinquent on the payments and a

cognovit judgment was entered against him. After years of state litigation contesting aspects of the debt instrument he had signed, Cooper filed this action against multiple defendants in the United States District Court for the Southern District of Ohio. The amended complaint included a due-process claim, brought under 42 U.S.C. § 1983, as well as various state law claims; Cooper also filed a motion for class certification. The defendants each filed separate motions for summary judgment, which the district court granted as to all federal claims on the ground that the defendants were not state actors and therefore are not liable under § 1983. The court declined to exercise supplemental jurisdiction over the state law claims, dismissing them without prejudice, and denied the motion for class certification as moot. Cooper filed a timely notice of appeal, assigning as error only the district court's ruling that the defendants are not state actors subject to 42 U.S.C. § 1983.

We review de novo a determination of whether a defendant is a state actor for purposes of 42 U.S.C. § 1983. *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995). But this appeal begins and ends with the issue of waiver. "An appellant waives an issue when he fails to present it in his initial briefs before this court." *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 462 (6th Cir. 2003); *see, e.g.*, *United States v. Newsom*, 452 F.3d 593, 607 (6th Cir. 2006) (holding defendant waived objections to jury instructions by not raising those objections on appeal). An appellant abandons any argument not raised in his opening brief. *Sommer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003). This lenient standard can be satisfied even by a short and undeveloped argument. *See, e.g.*, *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 852–53 (6th Cir. 2007) (holding that a brief parroting the language of one section from an SEC rule was sufficient to avoid waiver, but that arguments regarding two other sections were waived because appellant's brief was "devoid of any reference" to the two sections).

Cooper's brief on appeal fails to provide even a modicum of legal argument as to why the district court erred in holding that the defendants are not state actors. He cites only to a single case, *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 176–77 (1972), which holds that cognovit notes are not per se unconstitutional, and does not address at all the question before us here, namely whether persons or entities in the positions of these defendants have engaged in state action.

Accordingly, we AFFIRM the judgment of the district court.